Case number 19-5310, Margaret B. Kwoka, Appellant v. Internal Revenue Service. Ms. Rosenbaum for the Appellant, Ms. Lyon for the Appellee. May it please the Court, Adina Rosenbaum on behalf of Plaintiff Appellant Margaret Kwoka. Margaret Kwoka is a law professor whose scholarly research focuses on government transparency and federal agencies' administration of the Freedom of Information Act. As part of her research, she filed a FOIA request with the IRS seeking copies of their FOIA logs, including the names of third-party FOIA requesters and the organizational affiliations of FOIA requesters, which the IRS withheld. On cross-motions for summary judgment, the district court rejected all of the IRS's arguments for its blanket withholding of these records, saying that the agency's reasoning suffered from logical problems. The court required the agency to release the records subject only to limited redactions that the agency had to specifically justify, and the IRS subsequently released the vast majority of the records, which was thousands of names and organizational affiliations. Nonetheless, when Professor Kwoka moved for an award of attorney's fees, the district court denied her motion, concluding that although she was eligible for fees, she was not entitled to fees under the four-factor test that this court uses to determine entitlement. In so concluding, the district court abused its discretion in two ways. First, it abused its discretion in weighing against Professor Kwoka the second and third entailment factors, which look at the requester's commercial interest in the records and the nature of the plaintiff's interest in the records. And second, it abused its discretion in weighing against her the fourth entailment factor, which looks at the reasonableness of the agency's initial withholding. On the second and third factors, I wasn't sure where the district court was landing. Can you help me understand? It certainly didn't seem helpful to Ms. Kwoka. Is it the nature of interest is both professional and pecuniary? You're reading that as a resolution of both those prongs against Ms. Kwoka? Yes, I think the only way to read this sentence is that it weighed both of the prongs against her. It addresses both of the prongs, and the prongs often are considered together. It addresses both of them in one sentence, that it begins with but. So in talking about the first factor, it says that she has met that first factor or indicates that first factor weighs in her favor. And then it says but to introduce the other two factors. So I think the only way to read this sentence is that it has weighed both the second and third factors against her. And that quoted language from Cotton, I guess she called her Heyman, was language resolving a prong against? No, that language from Cotton, Cotton didn't actually turn on the second and third. That's just sort of the language of the standard. Okay. So it's quoting the standard in doing that. On the second and third. Mr. Chisholm, let me ask you about the fourth factor. So this is, given that this is, this is a judge who granted summary judgment to plaintiffs. In other words, on the underlying case, she ruled for the plaintiffs. Yet she concluded that the IRS's defense was not unreasonable. So given that, and given what we've called our double dose of deference here, how do we, how do we conclude that, that she abused her discretion in that, reaching that conclusion? I think the court abused its discretion by looking at the wrong factors, in particular in saying that the IRS had a reasonable basis ex ante in withholding the records. The court stated that its primary motivation was to ensure that it was not disclosing confidential tax return information. But the question for the fourth entitlement factor isn't about the agency's subjective motivation, whether it had good faith to withhold the records. It's about whether it had a reasonable basis in law for withholding the records. And when the court addressed the legal basis for withholding the records in its summary judgment decision, it found that the agency's reasoning suffered from logical conclusion, logical problems that the agency's conclusions did not follow from its premises. You just, you just, you just, you just broke up. Could you just say that sentence once again? Sure. The last word I heard was logical. Sorry about that. So the agency That's not your fault. Yeah. In its summary judgment decision, the court concluded that the agency's reasoning suffered from logical problems that its conclusions did not Correct. Did not follow from its premises. So when the court But notwithstanding that, she concluded that the agency's position in the underlying litigation was not unreasonable. Right. But in doing that, she looked at the wrong considerations, particularly at the motivation that the subjective motivation. But she went on to say that the position was substantively reasonable. She didn't rest only on good motive. Well, the other thing that the court pointed to in saying that it was reasonable was that the redactions showed that There had been some legitimate cause for concern, but that looking at the redactions also involves looking is examining the wrong factor because the question isn't whether there was a She did not challenge those redactions when the agency made them. The question is whether the agency had a good faith basis reasonable basis in law to withhold all of the records that it withheld at the beginning, including all of the ones that it Eventually released in the case. So we think that in determining that she had a that the Agency had a reasonable basis as an ex ante that the court was examining the wrong considerations and not looking at whether the agency had a reasonable basis in law for withholding all of the records that it originally withheld and what it is the ex ante. The ex ante point in time that we're talking about is the initial decision for blanket withholding. Yes. So the question is whether it had a reasonable basis to withhold that time to do a blanket withholding to do a blanket withholding at the beginning of the case to not to not determine whether it could segregate portions out Right, whether it had a reasonable basis for not complying with its obligations to segregate out the non exam. Its reasons were new document which the district court flatly rejected. Yes, and administrative burden, which the district court flatly rejected. Yes. So that's what we're comparing looking at right now is a blank. The justification, whether the blanket withholding on those two grounds was reasonable. Whether there is a reasonable basis for the blanket withholding overall. Yes. Those two grounds and then and then the concern. The concern was, we might just go there might be something in here that will some things in here that will disclose stuff covered by 6103 and we're not going to look any further because new record administrative burden. Well, the agency overall did not engage in any segregation. It was not. It was not willing to The administrative burden and new document arguments. Yes. And I would like to briefly touch on the second and third entitlement factors as well. The court abuse its discretion with regards to those factors by Failing to apply this court's decision in Davy and ignoring Professor Quokka scholarly interest in the records in Davy this court made clear that scholars were Precisely the type of requesters that the for his attorneys fee provision is for and that Generally, the second and third factor should weigh in favor of scholars of people with a scholarly interest in the records, unless they have a purely commercial interest or their request is frivolous here, Professor Quokka interest was Clearly scholarly she sought this information to use in her forthcoming book and and other scholarly works her interests were not purely commercial or frivolous And those two factors should have weighed in her favor. She is the paradigmatic scholar seeking information for public information purposes. There's, there's a third possibility on factors two and three, they could Could be resolved in a in the requesters favor, they could be resolved in the government's favor or they just might not cut one way or the other. And you say Davy, which is a very good case for you. No doubt about it. But post Davy we have McKinley, which says that when you have a requester with both motives, the commercial and the scholarly it's not an abuse of discretion to conclude that That factor falls in the middle category doesn't cut one way or the other. Right. So why shouldn't we Understand the district court basically to have Been acting consistently with McKinley rather than inconsistently with Davy I think the only way to read what the district court did was to weigh those two factors actually against Professor Quokka Factor one she resolved in your favor and then there's and then there's the but There's the but and the only thing The but means he's not resolving factors two and three in your favor. Where do you get that she's resolved. She's counting them against you, which would be a Davy error, as opposed to just saying I'm not counting them one way or the other, which would be fine under McKinley. I think that the but does indicate that that it's saying something opposing and then the fourth factor is introduced with more rover. So I think that the structure of the decision makes clear that she's weighing the first factor in favor of Professor Quokka and then the last three factors against Professor Quokka I think also looking at what the court took into account on the second Just back up there to McKinley the requester was someone in business for himself as a regulatory policy expert, not an academic With No real history of academic publications. So, do you read McKinley as changing Davy to say that when you're an academic and you're also publishing a book. It's a draw on two and three. I hadn't read McKinley that way. I don't think academic. I don't think that McKinley changes the That overrides Davy in that way. And I think on Academic and we've talked a lot about academics, because otherwise I don't know why a newspaper, a newspaper reporter was writing A book. Say about bringing down Harvey Weinstein. Or Jeffrey Epstein or something and did it because that was federal government did a fire request for that. And I think here there's just no basis for finding that Professor Quokka is commercial interests. Outweigh her scholarly interest and the district court again did not take her scholarly interests into account at all. It only talks about her commercial interest her pecuniary interest her professional interest. There's no recognition that she was seeking this information for public informational purposes. Which is the way in which scholars seek information. So it ignored her scholarly interests overall. And on there. There is no basis here for finding that her commercial interests and the only possible Thing that the court could have been referring to and talking about her commercial interest is the fact that she earns her living as a scholar and is publishing a book in academic book about for you, but in Davy this court recognize recognize That make much money. I would not expect that book to Under your theory, though, does that really make any difference. I, I don't think it makes a difference how much money the book will make. I think at the extremes, there could be if someone If it becomes clear someone is really publishing a book solely for private Private pecuniary But I was asking a question about her a scholar university based scholar. Right. Make a difference. Does it make a difference. Our scholars who write books like this treated differently from scholars who write econ one on one that's used by every first year every freshman in the United States. I don't think it makes a difference. I think if the purpose of the book is scholarly and it's being written for an academic purpose to be increasing the public knowledge, then the amount of money that the professor is making doesn't make a difference. That's just how Okay. Okay, great. Thank you. Unless unless either of my colleagues have any questions, you're out of time. Thank you. Anything else. Okay, we'll get we'll hear from the government. Thank you, Your Honor, and may it please the court. My name is Kathleen lion and I represent the IRS. The district court here properly exercised its broad discretion in denying Professor Quokka his request for attorneys fees because, first and foremost, the IRS had a reasonable or at least a clerical basis in law for withholding the documents, principally to ensure Where do you What supports your statement in your brief that that's the most important factor. That in our, in our brief. Well, because the Don't you say that this Is the most important. We say it's the most important here, we think, because the because we think that Yes, yes, we were not saying that that the fourth factors elevated about Why is it the most Oh, I'm sorry, you're breaking So you You think it's just the most important in this case. Correct. And why is that Because we think that that factor standing alone would be sufficient to affirm in this case, for example, under Morley three this court found that even though factors one through three weighed in favor. Of the the FOIA request or the plaintiff in that case that factor for was enough in that case because it weighed strongly enough To To support affirming the courts denial of the award of fees and we think this is a similar situation that even if you know the first three factors weighed in Professor Quokka's favor that the court, the district courts finding that or determination that Yes. Here's my question about this factor. So you devote Several pages in your brief to the proposition that The service was motivated to protect confidential return information. That's what it's And of course, that's true. I mean, no one would disagree with that. But the question we have to ask is, why was it reasonable to think that this particular FOIA request this one would result in the release of Return information. That's the question. And I didn't see anywhere in your brief where you responded to that. Well, I think what we Did recorders Henry judgment motion said that basically the IRS is positioned on that issue didn't make any sense. Well, the district court found that there were logical problems with with that argument. However, District Court is very familiar with its own opinion and it found even despite that that I know that, but But we still have to review it. We have to review it. You know, I asked counsel for that same question. You're right. It is significant that this is the same district judge who granted summary judgment for the place, but we still have to ask whether it was an abuse of discretion. And my question to you is that I didn't see in your brief anywhere where you explained that Why it was all reasonable to think that this particular FOIA request would result in the release of return information. Well, that's what I don't see. I mean, Well, it seems to me just to, you know, Good. Okay. Well, a brief at our brief pages 28 and 29 I believe we set out that the question that was that was posed by this FOIA request was a novel legal question. About which there wasn't any specific guidance. There wasn't any precedent. There wasn't any, you know, specific exclusion and 6103 that would answer the question of whether third party FOIA requesters and the organizational affiliations of FOIA requesters. Would when combined with the subject matter of the FOIA request result in an indirect disclosure of return information. And so it was a novel question that arose in a familiar framework of 6103 and of course 6103 has these extremely broad definitions of return, return information and disclosure and it's established that That when information is aggregated with other information if that poses a great risk of disclosure return information that also is prohibited. Now, the FOIA law What about this case. What about this FOIA request. I mean, they blank. They rejected it. They didn't offer any to turn over some of it with redactions as a blanket rejection. And the question is, why was it reasonable for the IRS to think That That this request. Would result in the in the disclosure of return information. I was at all reasonable given Given everything the district court said Well, if I could step back for a moment, perhaps give a big picture. Look here. Now, of course, the FOIA log itself is not 6103 you know it wouldn't be a public FOIA log, if it were But the vast majority of FOIA requests that come to the IRS are for are asking for return information for very common sense reasons because people generally don't ask the IRS for documents that don't exist or for documents. When you say the vast majority of the road declaration said you get many requests for that and you get quote many Quote requests for non return information. Are you disagreeing that with that with that declaration. Now, when you say the vast majority seek tax information. Well, I don't think that. Well, I don't think that that's I don't think it's incorrect to say that that there are many requests that are for non return information. But those can be split between The vast majority when there's many for non return information and this one included a request for Non return information as well as your, your concern about return Well, it asked for the names of organizational affiliations. It didn't necessarily Including those FOIA requests that were for non tax information. Well, correct. Correct. But the prompt the problem for the IRS is that looking at at when Professor Quokka his request comes in. Suddenly, she wants to associate names with everything on the FOIA log And the automated system, of course, can produce a list of names of their of the requesters and their organizational affiliations, but the IRS can't release that list without risking violating 6103 because there's no way to distinguish That's our question. Why He keeps saying that, but why Well, Because the automated system has no way of distinguishing between what's the first party request. What's a third party request. What's a tax was a request for tax information or tax return information. What's a request for non return information and And so we think that, you know, given the broad definitions in 6103 the IRS has to make a judgment call about the risk of 6103 violations and And this was a very novel and complex request. And so the IRS is concerned there was reasonable or at least a colorable basis of law. The fact is that Sorry, I just want to be crystal clear here. Yes, Rose declaration said you get many requests for non return information. And this was just for a year 2015 so There's no reason to think 2015 would have been different than other years, it would have included many FOIA requests for tax return information and many for non return tax information and then Rose declaration specifically said Yes, closing the requester names and organizational affiliation with respect to those requests for non tax records would not reveal tax information under 6103 and 6103 itself. You got to read the whole thing says that it's protection does not include data in a form which cannot be associated with or otherwise identified directly or indirectly a particular taxpayer. Exactly what your declarant. Mr. Rose said we would have had many of those in 2015 correct you don't disagree with your own declarant right No, no, Your Honor. What I'm saying is that, you know, all of that can be true, but the We had a lot in there that wasn't protected by 6103. You thought there might be some that if things got pieced together. Are you worried, I guess there were there were some and that's conscientious You're worried that there were a lot that there were that this Turns out there was a lot. But you didn't know. You didn't know. Right. We didn't take any inquiry. Well, it couldn't, we couldn't, the IRS couldn't tell based on the It couldn't tell without looking. That's what Mr. Rose said. Correct. They couldn't that that and we also argued, of course, the unreasonable burden. Right. And the district quietly rejected that is not a reasonable argument. Well, it did that based in part on public citizen. In which case, I'm not asking what cases they cited, the district court just found no merit to that argument at all. Well, correct, but I didn't find that that was, you know, The district court here didn't find that it was that would have been an unreasonable basis for our argument just said that the IRS was wrong. And, you know, there are distinctions between public citizen and our case here specifically that the reason that the Case about you had a concern that there might be some In there. I didn't see in your day any declaration that said you were concerned that lots and lots would be in there, but you were concerned that there will be some in there and 6103 is Correct court and statute. And then as I read the process. What happened is then what the government said is, and we're not going to look and check to see Because it would be too much to work. Because the All the documents would just be too much work to look That was the position. Yeah, we yes that that it would be an unreasonable It wasn't that we know that we think there's lots. There's no declarant ISO that said we think there's lots in there that protected by 6103 I didn't see that quantification. If I'm erroneous, please tell me. It's just that it could be one could be 200 We have no idea. Correct. We know there's a chunk in there that don't really won't release tax return information. There's, there's some that may not. Yes, we know, many will not include tax return information, according to Mr rose words. But we're not looking. And so isn't that what we're deciding whether the district court was correct to decide that position was colorable under FOIA Well, I think the colorable bar is a fairly low bar. And consider We're not going to bother looking No, no, Your Honor, we made a reasonable Mr rose said we're not going to look, it would be too much work. Correct. And it is it is perfectly legitimate for the after summary judgment. And it turns out it didn't Correct. It turns out it didn't. But the reasonableness factors is determined, you know, earlier in that process at the time the IRS is making the decision and of light of the fact that When Mr. Roe described why it would take a lot of work that he was wrong about because he just said how many documents and how many hours. Yes. And our other declarant Corinna Smith also laid out the the number of hours and why it would take that long. They just wrong about that. It looks like it took a decent amount of time. It took Eight or 910 months, something like that. Yeah, well, there was also the government shut down in there. That was the five week shut down. And so it did take a good deal of time to do it and our Corinna Smith, I think, in particular, and her declaration laid out why that was going to be the case because this is because of the I'm just saying that there's no gap. You said it turned out it didn't take that much time, but there wasn't anything we have to we have to assess it at the time the government made its decision to do a blanket withholding Correct, correct. And I guess And the rationale given was one that the district court flatly rejected just so that's not how FOIA works. So that is not how FOIA works. You have the documents and you have to check them. Well, it said that the volume of the documents was not enough to No, but it also said you had a reasonable burden goes to search not organizing the documents when you have them. Well, as we've cited, I think it's solar sources and American Federation of Government Employees, which both stand for the proposition that you know where where the search is, you know, The unreasonable burden question goes to search and review. And I think under solar sources that case said that where that where this is going to be significantly unwieldy as it was with our Rejected both that we can't miss. First of all, the cases you cited involved search and that your sense of unwieldy was off base for FOIA purposes. I mean, it takes a lot bigger commercial lot more hours under FOIA you weren't you weren't in the neighborhood. Well, the district court didn't pass on the number of hours it passed on the volume and it also Again, the case that it was relying on public citizen went to the lack of sufficiency of an explanation in the affidavits. You have any case for the district court or one now that says the amount of Documents and hours all that was at issue here something in that range at issue here. Post search search is done, not talking about unreasonable search that just going through this many documents and what would take this many hours. It's too much of an obligation for an agency have to have to execute under FOIA. Do you have any cases of that. I don't have one specifically. No, no, Your Honor. Didn't have any cases. We don't think I mean, did you have anything close I don't think so. Legal authority on Your assertion. Well, not specifically. No, I don't think so. So my time is up. Is there. Does the court have any further questions. I had one more. You also exemption six Yes. I don't know if you've abandoned that or not. Well, well, we didn't, you know, we didn't appeal the order. So we're not, you know, disputing I mean, as to reasonableness As to reasonableness. Well, I mean, we noted it briefly in the in the in the brief. I mean, the fact is on reasonableness. The court was looking to 6103 primarily it wasn't looking to exemption six. And so we didn't think that needed that much addressing because the district court only needs one basis to find a reasonable basis. And but we, as we said in our brief, we think under exemption six, you know, the rationale is essentially the same because the court. Under exemption six, you have to show that there would be a clearly unwarranted invasion of privacy and your affidavits again at the relevant time here invoking blanket exemption said maybe may And may, which is not the standard for exemption six, I might work under seven C's privacy protection, but not exemption six which requires would Correct. So then it's not the same. So I don't know. I can just say if it's 6103 if we have a 6103 concern that also satisfies exemption six given that exemption six has a very strict standard. No, no. Violate what no one I'm sorry, just to be clear, we're, we're saying that the district court's opinion found that for much the same reasons that our arguments under 6103 were not persuasive. They were for the same reasons, not That would be legal error, then legal error, which is always an abuse of discretion because six one says exemption six requires you're finding that there would be a privacy intrusion, not that there may or might be a privacy. I guess I'm perhaps confused by your question. I mean, the district court found against us on that and we didn't appeal. So I'm talking about, again, on the on your the reasonableness of your legal position. Well, I don't think that we needed to particularly defend on those grounds. I mean, the district court found that there was reasonableness under 6103 I thought you said your brief had raised it again so Well, well, we just Well, correct. I mean, in a section where we address that very briefly in our brief, followed by our addressing the unreasonable burden standard. We said that the district court, you know, had sufficient grounds under 6103 and therefore, you know, you only need one reasonable basis. Okay. Thank you. Thank you. Yeah, thank you, Mr. Rosenbaum you are in a town, but you can have two minutes. Oh, Sorry for that delay. Because all of the four factors here way in favor of Professor Quokka we think this court should hold that she is both eligible for and entitled to fees and remand to the district court to award her the fees that she requested. I mean, unless there are any further questions. Thank you. Any further questions. No. Okay. Well, thank you very much. The case is submitted.
judges: Tatel, Millett, Katsas